RECEIVED
DEC 0 1 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

| | |
|---|---|
| JAMES ELLIOT REGAN | CIVIL ACTION NO. 05-1240-P |
| VERSUS | JUDGE HICKS |
| BOSSIER PARISH PENAL FARM, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT & RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff James Elliot Regan ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on July 5, 2005. Plaintiff is incarcerated at the Bossier Parish Penal Farm in Plain Dealing, Louisiana, and he complains his civil rights are being violated by prison officials. He names the Bossier Parish Penal Farm, Steve Dooley, Captain Toloso, Jack Charity and Larry Dean as defendants.

Plaintiff claims that since his arrival at the Bossier Parish Penal Farm on April 28, 2004, he has been denied mental health treatment and medication. Plaintiff claims the deputies threaten him and retaliate against him every chance they get. He claims that on July 9, 2004, nurse Steve Dooley yelled and cursed at him because he had written the Warden

regarding the lack of mental health treatment he had received. He also claims Dooley pulled him up from the chair by his shirt and shoved him back down into the chair as he continued to curse at him. He claims that when he told Dooley not to touch him, Dooley called for someone to take him to the holding tank. He claims that when a deputy arrived to transport him, Dooley pushed him out of the medical office. He claims that once he was in the hallway, Dooley again pushed him. Plaintiff claims he then pushed the deputy out of the way and grabbed Dooley's shirt and punched him in the face. He claims the deputies then jumped him, hit him and sprayed him with mace as they knocked him to the floor and handcuffed him. He claims he was then transported to the holding tank and the deputies slammed his head into the wall. He claims he was bleeding from his mouth, nose, ear and head.

Plaintiff claims he had to wash his cuts in the toilet bowl because the holding tank did not have running water. He claims Deputy Johnson then entered his cell and threatened him. He claims that approximately one hour later, his handcuffs were removed and he was transported to the medical office where he was cleaned and examined.

Plaintiff claims that later that day, he was called to the booking office where Captain Toloso informed him that he was not beaten, but rather involved in a fight and that he would be charged with a felony. He claims Toloso also informed him that he was responsible for having his eyeglasses repaired.

Plaintiff claims that on July 9, 2005, he went to pill call for pain medication and received psychiatric medication even though the medical staff said he did not need it. He

claims that on July 11, 2004, he was examined by Dooley. He claims that on July 12, 2004, he made a sick call request because he was suffering extreme back pain and numbness in his right hand. He claims his request to go to LSU Medical Center was denied, but he was prescribed IBU and muscle relaxers for one week. He claims that he later met with Toloso and his mother and grandmother. He claims Toloso refused him mental health treatment and medication even after his mother informed him of his mental health history. He claims his mother was not allowed to take photographs of him.

Plaintiff claims that on July 14, 2004, he approached a deputy who he thought was using excessive force on another inmate. He claims he was then called to the booking office where Sgt. Rogers cursed him and Deputy Johnson threatened him.

As relief, Plaintiff seeks a protective order, a transfer to another facility, monetary damages and injunctive relief.

For the following reasons, Plaintiff's complaint should be dismissed without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

## LAW AND ANALYSIS

Congress has commanded that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Section 1997e requires Plaintiff to exhaust available administrative remedies before filing a Section 1983 suit and precludes him from

filing suit while the administrative complaint is pending. See Wendell v. Asher, 162 F.3d 887 (5th Cir. 1999) (unexhausted claim must be dismissed even though exhausted several days after suit was filed). The Fifth Circuit has applied the requirement to claims such as the use of excessive force, see Wendell, 162 F.3d at 887, and denial of medical care. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999). Available administrative remedies are deemed exhausted when the time limits for the prison's response set forth in the prison grievance procedures have expired and officials have not acted. See Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1999). Finally, prescription on the claim is tolled while the procedure is pending. See Harris, 198 F.3d at 153.

After reviewing the complaint filed in this action, it is clear that Plaintiff has failed to exhaust administrative remedies. Plaintiff admits that he has not filed a grievance in the administrative remedy procedure. He claims he had not filed a grievance because he was allegedly told that he would be placed in the holding tank and beaten if he did. [Doc. 1, p. 3]. However, Plaintiff admits that he filed complaints with the Warden regarding the denial of mental health treatment. He further admits that his mother spoke with the administration regarding his alleged beating and denial of mental health treatment while he was present. He also admits that he approached a deputy who he thought was using excessive force on another inmate. Based on Plaintiff's admissions, it is clear he did not hesitate to notify prison officials of his complaints through means other than the grievance procedure.

Accordingly;

It is recommended that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

## **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this the 30th day of November 2005.

cc: SMH

**MARK L. HORNSBY**
**UNITED STATES MAGISTRATE JUDGE**